THOMAS A. RITTER, Petitioner v. DEPARTMENT OF HUMAN RESOURCES, Respondent

No. 9410SC615

(Filed 18 April 1995)

1. **Administrative Law and Procedure § 77 (NCI4th)— dismissed State employee—personal misconduct—denial of remand for evidence of alcoholism treatment**

   The trial court did not err by denying the application of a State employee who was dismissed for personal misconduct to remand his case to the Office of Administrative Hearings to take additional evidence about his successful completion of an alcohol recovery program since alcoholism was not a defense to the employee's dismissal for just cause, and evidence about his treatment was not material to the issues in the case. N.C.G.S. § 150B-49.

**Am Jur 2d, Public Officers and Employees § 267.**

RITTER v. DEPT. OF HUMAN RESOURCES

[118 N.C. App. 564 (1995)]

## 2. Administrative Law and Procedure § 44 (NCI4th)— decision by administrative law judge—reasons for not adopting—sufficient statement

The State Personnel Commission's order dismissing a State employee for just cause stated with sufficient specificity the reasons it did not adopt the administrative law judge's recommendation that the employee be disciplined and reinstated. The Commission's decision to adopt its own findings of fact and to reject many of the administrative law judge's findings of fact was supported by the whole record. N.C.G.S. §§ 150B-36(b), 150B-51(a).

**Am Jur 2d, Public Officers and Employees § 267.**

## 3. Public Officers and Employees § 67 (NCI4th)— dismissal of State employee—personal misconduct—supporting evidence

A decision by the State Personnel Commission to dismiss a State employee for unacceptable personal conduct based upon his request that a sheriff write a letter discrediting one of the employee's subordinates and his abusive behavior toward the sheriff when he refused to write such a letter was supported by the whole record and was not arbitrary and capricious.

**Am Jur 2d, Public Officers and Employees § 239.**

Appeal by petitioner from order entered 14 January 1994 by Judge Orlando F. Hudson in Wake County Superior Court. Heard in the Court of Appeals 28 February 1995.

On 22 April 1991, petitioner was dismissed by respondent for unacceptable personal conduct. Petitioner was employed with the Division of Facility Services as Head of the Jail and Detention Branch. As Head of the Jail and Detention Branch, petitioner was responsible for inspecting all county and municipal jails to insure that they complied with state laws and regulations. Petitioner was required to work closely with county sheriffs from across the State in the performance of his duties.

On 7 March 1991, petitioner attended a meeting of the North Carolina Sheriffs Association in Rocky Mount, North Carolina. Petitioner attended this meeting as part of his official duties. Sometime that evening, petitioner joined the Sheriff of New Hanover County, Joseph McQueen, Jr., and several others for dinner. During

dinner, petitioner asked Sheriff McQueen to write a letter to David Flaherty, the Secretary of Human Resources, to discredit one of petitioner's subordinate employees. When Sheriff McQueen refused to write the letter, petitioner became verbally abusive toward Sheriff McQueen using extensive profanity. Petitioner also told Sheriff McQueen never to call petitioner again about any problems concerning the New Hanover County jail. Petitioner made these statements in the presence of several other sheriffs.

The following Monday, 11 March, Sheriff McQueen called Secretary Flaherty and told him about petitioner's abusive behavior. Sheriff Jack Henderson also called Secretary Flaherty about petitioner's behavior. These complaints were forwarded to petitioner's immediate supervisor, Lynda McDaniel, for investigation. McDaniel concluded that petitioner should be terminated based on his "unacceptable personal conduct." On 23 August 1991, petitioner received respondent's decision confirming his dismissal.

On 26 September 1991, petitioner filed a petition for hearing. On 19 May 1992, after a hearing, the Chief Administrative Law Judge issued a recommended decision recommending that the State Personnel Commission uphold the determination of just cause, but recommended that petitioner be reinstated and appropriately disciplined. On 21 October 1992, the full State Personnel Commission upheld respondent's decision to dismiss petitioner for just cause. Petitioner sought judicial review and on 14 January 1994, the trial court affirmed petitioner's dismissal. Petitioner appeals.

*Allen & Pinnix, by M. Jackson Nichols, for petitioner-appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General Robert M. Curran, for respondent-appellee.*

EAGLES, Judge.

Petitioner contends that the trial court erred in affirming the State Personnel Commission's (hereinafter Commission) decision upholding his dismissal. After careful review of the record and briefs, we affirm.

We note initially that respondent has cross-assigned as error the administrative law judge's (hereinafter ALJ) denial of its motion to dismiss for lack of subject matter jurisdiction. Respondent contends that petitioner did not file a petition for a contested case hearing within thirty days of receiving respondent's letter confirming peti-

tioner's dismissal. G.S. 126-38. Although the petition was not filed with the Office of Administrative Hearings within thirty days after petitioner received notice of respondent's decision, we exercise our discretion pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure to address the merits of petitioner's appeal.

I.

[1] Petitioner first contends that the trial court erred in denying his request to remand the case to the Office of Administrative Hearings to take additional evidence regarding petitioner's alcohol assessment, treatment and recovery. We disagree.

G.S. 150B-49 provides:

An aggrieved person who files a petition in the superior court may apply to the court to present additional evidence. If the court is satisfied that the evidence is material to the issues, is not merely cumulative, and could not reasonably have been presented at the administrative hearing, the court may remand the case so that additional evidence can be taken.

Petitioner argues that he successfully completed an alcohol recovery program after the hearing before the Commission. Petitioner contends that his earlier misbehavior was due to alcohol and that the evidence of his alcoholism and treatment were material issues to the case and could not have been presented at the hearing.

Petitioner was discharged for unacceptable personal conduct. His dismissal stemmed from his requesting Sheriff McQueen to write a letter discrediting one of petitioner's subordinate employees and his abusive behavior toward Sheriff McQueen when he refused to write such a letter. Petitioner's alcohol assessment and subsequent treatment is not material to the issues involved. Petitioner's alcoholism does not afford petitioner a defense for his termination for just cause. Even if petitioner's alcohol assessment and treatment were issues material to petitioner's dismissal, the trial court's decision here to deny petitioner's motion to remand for additional evidence can be reversed only for abuse of discretion. G.S. 150B-49. This assignment of error is overruled.

II.

[2] Petitioner further contends that the trial court erred in affirming his dismissal because the Commission did not state specific reasons for rejecting the recommended decision of the ALJ. We disagree.

If an agency does not adopt the ALJ's recommended decision as its final decision, the agency must state the specific reasons why it did not adopt the ALJ's recommended decision. G.S. 150B-36(b). Upon judicial review, a reviewing court must determine whether the agency's decision adequately states specific reasons why it did not adopt the ALJ's decision. G.S. 150B-51(a). In *Ford v. N.C. Dep't. of Environment, Health, and Natural Resources*, 107 N.C. App. 192, 419 S.E.2d 204 (1992), this court affirmed a final agency decision where the respondent agency selectively adopted and rejected the ALJ's recommended findings of fact. The respondent agency also rejected the ALJ's conclusions of law based upon its own findings of fact. This court held that the respondent agency's order sufficiently satisfied the spirit of G.S. 150B-36 and G.S. 150B-51. Examining this record in light of *Ford*, we conclude that the Commission's order states with sufficient specificity the reasons why it did not adopt the ALJ's recommended decision.

Petitioner also contends here that the Commission erroneously rejected several of the ALJ's findings of fact as "irrelevant" or "not supported by substantial, credible evidence." In reviewing a final agency decision, the trial court must apply the "whole record" test, which requires an examination of all the evidence to determine whether the agency's decision is supported by substantial evidence. *Rector v. N.C. Sheriffs' Educ. and Training Standards Com'n.*, 103 N.C. App. 527, 532, 406 S.E.2d 613, 616 (1991); G.S. 150B-51(b)(5). The trial court is not permitted to substitute its judgment for the agency's judgment when there are two reasonably conflicting views. *Id.* Respondent's decision to adopt its own findings of fact and to reject many of the ALJ's recommended findings of fact is supported by the whole record. This assignment of error fails.

### III.

[3]  Finally, petitioner contends that the Commission's decision was arbitrary and capricious. Our review of the record shows that the Commission's decision dismissing petitioner is supported by the whole record and was not arbitrary and capricious. This assignment of error also fails.

In sum, the trial court did not err in affirming petitioner's dismissal for just cause.

Affirmed.

Judges WALKER and McGEE concur.